## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 05 2019, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lisiate U. Tavake,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 5, 2019

Court of Appeals Case No.
18A-CR-2735

Appeal from the Montgomery
Circuit Court

The Honorable Harry A. Siamas,
Judge

Trial Court Cause No.
54C01-1804-F5-999

**Mathias, Judge.**

[1] Lisiate U. Tavake ("Tavake") was convicted in the Montgomery Circuit Court of Level 6 felony battery resulting in moderate bodily injury. Tavake now appeals arguing that the evidence was insufficient to support his conviction.

[2] We affirm.

## Facts and Procedural History

[3] On April 9, 2018, Tavake and Dakota Mills ("Mills") were inmates in the "G" pod housing unit at the Montgomery County Jail. The night of the incident, the pod held 17 inmates. Each inmate has a mat or pallet on his bed on which to sleep. However, Mills had put his mat on the floor in order to help him sleep better, which he had previously done multiple times.

[4] Mills had no disagreements or conflicts with Tavake and had not communicated with Tavake all morning besides asking Tavake for help to better understand the Bible. Around 2:20 a.m., Mills walked around the pod for a few minutes because he said he "was coming off of drugs . . . and [] did not feel well at the time." Tr. p. 52. No one in the pod was awake, and after walking around for a few minutes, Mills returned to his mat on the floor to sleep.

[5] Without warning, Tavake punched Mills in the head and kicked him in the chest and face. Mills screamed, which Cody Swick ("Deputy Swick"), jail deputy at the Montgomery County Sheriff's Department, heard and described the noise coming from "G" pod as "loud screaming or screech, sound of distress." *Id.* at 79. After striking Mills over 20 times, Tavake told Mills to "get

on the button."[1] *Id.* at 54. Mills pushed the button, and Deputy Swick responded. Deputy Swick observed that Mills was heavily breathing, bleeding, bruised, frightened, and "obviously beaten," so Mills was removed from the pod. *Id.* at 80.

[6] Deputy Swick examined Mills and reported that Mills's ear was purple, with a large cut behind it. Mills also had lumps on the back of his head. Mills identified Tavake as the one responsible for his injuries. *Id.* at 52. Approximately ten minutes after the incident, Mills told Deputy Swick he was punched four times on the left side of his head. *Id.* at 64.

[7] After taking Mills out of the pod to go see the county jail nurse, Deputy Swick returned to the pod and examined Tavake's hands. Deputy Swick described Tavake's hands as red, swollen, and blood-smeared. Deputy Swick also noticed a bloodied towel near Tavake's bed. *Id.* at 82–83. After looking at Tavake's hands and taking photographs, jail personnel placed Tavake in handcuffs. The attack was captured by the jail's infrared surveillance camera system. Captain Lonnie Jones ("Captain Jones") of the Montgomery County Sheriff's Department was the jail commander and testified he was familiar with both the video surveillance system in the jail and with Tavake. Captain Jones identified the man in the video hitting and kicking Mills as Tavake. *Id.* at 92.

---

[1] "Get on the button" refers to when an inmate needs to communicate to the jail staff that he needs to be removed from the pod.

[8] Mills's injuries were photographed, and the photographs show that his mouth was bloody; his left ear was badly bruised and cut; and he had a few grape-sized bumps on the back of his head. Mills also reported his pain level was a seven out of ten, with ten being the highest. *Id.* at 54–58, 72–73, 80–83, 102; Ex. Vol., State's Exs. 2A–2J. Shortly thereafter, Mills was transported to the local hospital for treatment, and the treating emergency room physician, Dr. Ryan Weakley ("Dr. Weakley"), determined that Mills had sustained multiple contusions, scalp hematomas, shoulder strain, and chest contusions, but that he had no fractures. Tr. pp. 100–05; Ex. Vol., State's Exs. 4–5. Dr. Weakley testified in his deposition that Mills rated his pain as seven out of ten on a zero out of ten pain scale and described that level as being substantial pain. Tr. pp. 100–102. Mills stayed in the emergency room for a little over an hour and received ice packs to be applied to the back of his head and the left side of his face. He was discharged with a recommendation for over-the-counter pain control medication. *Id.* at 109-10.

[9] On April 13, 2018, the State charged Tavake with Level 6 felony battery resulting in moderate bodily injury.[2] A one-day jury trial commenced on November 13, 2018. At trial, Tavake argued that Mills's description of his injuries was not consistent with what he had told Deputy Swick at the jail shortly after the incident and the video did not clearly show that Tavake was

---

[2] Tavake was charged with battery as a Level 5 felony (Count 1) and battery as a Level 6 felony (Count 2). Appellant's App. Vol. 2, p. 11. On November 5, 2018, the State sought to dismiss Count 1, and the State's motion was granted. *Id.* at 6–7.

the person who attacked Mills in the pod. Tavake was found guilty as charged. On November 13, 2018, the trial court sentenced Tavake to two years executed in the Indiana Department of Correction with no days credit for time served. Tavake now appeals.

## Discussion and Decision

Tavake contends that the evidence is insufficient to sustain his conviction. When reviewing a claim of insufficient evidence to sustain a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Jackson v. State*, 50 N.E.3d 767, 770 (Ind. 2016). In this case, the jury was the fact-finder. It is the fact-finder's role, not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* We will affirm the conviction unless no reasonable fact-finder could have found the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Drane v. State,* 867 N.E.2d 144, 147 (Ind. 2007).

At the time of Tavake's Level 6 felony battery resulting in moderate bodily injury conviction, the State had to show that Tavake: (1) knowingly or intentionally; (2) touched Dakota Mills; (3) in a rude, insolent, or angry manner; (4) which resulted in moderate bodily injury to Mills. Ind. Code § 35-

42-2-1(e)(1). Tavake argues that there was insufficient evidence to support the conclusion that he was the person who attacked Mills. We disagree.

[12] Mills testified that Tavake struck and kicked him repeatedly about the head and body on April 9, 2018. Tr. pp. 52–53. Mills also testified that as a result of Tavake's actions, he sustained injuries to the mouth, ear, and bumps on the back of his head and was in great pain. *Id.* at 55. Additionally, Deputy Swick testified that he heard loud screaming and sounds of distress coming from "G" pod where Mills and Tavake were housed and described Mills as "frightened and obviously beaten." *Id.* at 80. Further, Deputy Swick observed blood on Tavake's hand and a bloodied towel near Tavake's bed. *Id.* at 85. Moreover, Captain Jones identified Tavake as the person on the video surveillance system hitting and kicking Mills, who was sleeping on his mat on the floor. *Id.* at 93.

[13] Tavake argues that the video of the incident was grainy and it was not clear that Tavake was the one hitting and kicking Mills. Tavake further argues that the photograph of his hands that was admitted at trial does not show any blood or visible injuries on them. Additionally, Tavake claims Mills's testimony is incredible because Mills changed his statement about how many times he was hit and kicked.

[14] Mills unequivocally testified that Tavake attacked him. Captain Jones identified Tavake as the person who attacked Mills in the infrared video that was admitted at trial. Tavake's argument to the contrary is nothing more than a request for us to reweigh the evidence on appeal, which we will not do.

# Conclusion

Based on the facts and circumstances before us, the evidence presented to the jury was sufficient to sustain Tavake's conviction. Accordingly, we affirm his Level 6 felony battery conviction.

May, J., and Brown, J., concur.